IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, )<br>*ex rel.* )<br>LISA MADIGAN, Attorney General, )<br> )<br>      and       )<br> )<br>MARY KATE CALLAHAN, )<br>By her Parent and Next Friend, )<br>JOANNE CALLAHAN, )<br> )<br>      Plaintiffs, )<br> )<br>v. )<br> )<br>ILLINOIS HIGH SCHOOL ASSOCIATION, )<br>an unincorporated association, )<br> )<br>      Defendant. ) | Case Number: 12-CV-3758<br><br>Judge: Joan B. Gottschall<br><br>Magistrate Judge: Jeffrey T. Gilbert |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**INTRODUCTION**

Defendant, Illinois High School Association ("IHSA"), moves to dismiss Plaintiffs' comprehensive complaint for injunctive relief either because it is duplicative of a limited declaratory judgment action IHSA filed in state court or it fails to state a claim for which relief can be granted. Defendant's motion fails on both grounds. First, Defendant's argument pursuant to Rule 12(b)(3) is now moot because IHSA's Central District complaint has been transferred to the Northern District to be consolidated with this case.

Second, IHSA's Rule 12(b)(6) motion does not actually dispute the adequacy of the pleadings and should be denied for this reason alone. Moreover, Plaintiffs' Complaint adequately presents legal claims and is sufficient under the law and Rule 8 of the Federal Rules of Civil

Procedure. IHSA's Motion to Dismiss contests the merits of whether it is a covered entity under the anti-discrimination statutes that form the bases for Plaintiffs' Complaint. In support of its motion, IHSA improperly relies upon material outside the pleadings, which should be stricken. Plaintiffs adequately allege that IHSA is a covered entity under one or more anti-discrimination statutes, which is all that is required at this stage, and Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied.

## FACTS

Plaintiffs, the People of the State of Illinois, by the Office of the Attorney General ("OAG") and Mary Kate Callahan, by her Parent and Next Friend, Joanne Callahan ("Mary Kate") filed this action seeking affirmative injunctive relief for all student athletes in Illinois for all future years, and, specifically, for Mary Kate for injunctive relief for her upcoming senior year. (Compl., Document #1, ¶ 1.) Plaintiffs allege that IHSA's actions violate Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Titles II or III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12132, 12182 (as amended) ("ADA"). (*Id.*)

### Parties

Mary Kate is a seventeen-year-old student at Fenwick High School and plans to graduate in the summer of 2013.[1] Mary Kate has lower limb paralysis due to acquiring transverse myelitis when she was less than one year old. (*Id.* ¶¶ 2, 9.) As a result, she is substantially limited in several major life activities, including walking, bending, and standing. (*Id.* ¶ 14.) Mary Kate is a talented and committed athlete, participating in swimming, track and field, and basketball. (*Id.* ¶¶ 18, 22, 23.) Mary Kate brings this action to obtain redress for Defendant's failure to provide her with opportunities to participate in IHSA-sponsored events equal to those provided to non-disabled athletes. (*Id.* ¶ 1.)

---

[1] Mary Kate turned seventeen on July 3, 2012.

Mary Kate is an active participant on the school's swimming team. (*Id.* ¶ 18.) Mary Kate's high school permits her to participate in local swimming meets; however, due to IHSA policies, she cannot earn points for her team. (*Id.* ¶ 19.) Moreover, Mary Kate does not have an opportunity to participate in sectional meets or qualify for state championship meets because IHSA has only implemented qualifying standards for state championship meets for swimmers without disabilities. (*Id.* ¶ 2.) Mary Kate's disability prevents her from achieving these standards, resulting in her being excluded from sectional and state championship meets. (*Id.* ¶ 20.)

In all respects, Mary Kate is eligible and qualified to fully and safely participate in the track and field and swimming events conducted or overseen by IHSA, and in other sports programs, with or without reasonable modifications and/or accommodations. (*Id.* ¶ 23.) IHSA's refusal to implement rules or policies for student athletes with disabilities that would enable them to score points for their teams or to qualify for state championship meets prevents Mary Kate from having a full and equal opportunity to participate in interscholastic sports and denies her an essential benefit and service provided by IHSA. (*Id.* ¶ 2.) This different treatment is due to the fact that Mary Kate has a disability. (*Id.*) Mary Kate is scheduled to graduate in the summer of 2013 and intends to participate in scholastic swimming and track and field meets as permitted. (*Id.* ¶ 2.) Unfortunately, Mary Kate is not alone in her experience with IHSA.

IHSA supervises and regulates interscholastic activities for Illinois high schools and 98% of Illinois high schools are members of IHSA. (*Id.* ¶¶ 32–45.) IHSA currently provides different qualifying standards based on gender, school size, and school location. (*Id.* ¶¶ 48–52.) IHSA, however, does not provide different qualifying standards for athletes with disabilities. (*Id.* ¶¶ 46–47, 53–56.) IHSA's failure to provide standards for athletes with disabilities has prevented other students with disabilities from fully participating in interscholastic sports in Illinois. (*Id.* ¶ 30.) A

number of other students with disabilities have complained about the lack of opportunity to compete in state-wide events. (*Id.* ¶¶ 26–29.) Throughout the State of Illinois, student-athletes with disabilities are harmed by IHSA's failure to provide full and equal opportunites for these athletes to compete. (*Id.* ¶¶ 57–58.) The OAG represents the People of Illinois and seeks relief on behalf of all student athletes with disabilities for all sports in the future. (*Id.* pp.18-19.)

### Mary Kate Sought Accommodations from IHSA

On or about October 21, 2011, Mary Kate, representatives of Great Lakes Adaptive Sports Association ("GLASA"), and coaches from Fenwick High School met with representatives from IHSA to discuss including athletes with disabilities at the state track and swimming championships. (*Id.* ¶ 61.) In November 2011, Fenwick High School, along with a representative of GLASA, submitted a written proposal to IHSA requesting that IHSA reasonably modify its policies to include qualifying times for students with disabilities and include one exhibition heat for swimmers with disabilities at the the state swimming championship. (*Id.* ¶ 62.) IHSA did not respond to these requests. (*Id.* ¶ 63.)

### The OAG Sought Voluntary Compliance from IHSA

In January 2012, the OAG received a complaint from Equip for Equality on behalf of Mary Kate. (*Id.* ¶ 64.) In response, the OAG sent a letter to IHSA on February 27, 2012 requesting a meeting. (*Id.* ¶ 64.) On March 19, 2012, the OAG met with IHSA in an effort to collaboratively resolve this matter. (*Id.* ¶ 65.) At that meeting, the OAG proposed that IHSA set up three exhibition heats in the 2012 Track and Field State Championship for wheelchair racers and allow these athletes to compete in shot put and discus, as a first step toward the long-term goal of including athletes with disabilities in interscholastic sports. (*Id.* ¶ 66.) The OAG advised IHSA that IHSA's efforts toward a goal of inclusion would be the most effective method of

coming into compliance with the law. (*Id.* ¶ 67.) IHSA's representative agreed that the proposal was reasonable and that he would present it to IHSA's Board at its April 17, 2012 meeting. (*Id.* ¶ 68.) IHSA told the OAG that it required Board approval of the proposal and there would be sufficient time to implement the proposal for the May 2012 State Track and Field championships. (*Id.* ¶ 68.) IHSA did not respond to OAG's proposal, but instead filed a declaratory judgment action against the Attorney General. (*Id.* ¶ 69.)[2]

### Litigation

Instead of responding to the OAG's proposal, on April 17, 2012, IHSA filed a limited declaratory judgment action in McLean County Circuit Court asking the court to declare that the IHSA did not have to create separate events for athletes with disabilities in the 2012 Girls' State Track and Field Championships. The OAG was served with IHSA's complaint on April 26, 2012, and the OAG's responsive pleading was due on May 29, 2012. At no time did the IHSA seek immediate relief based on the time-sensitive nature of its complaint. On May 17, the OAG removed the IHSA Declaratory Judgment action from McLean County Circuit Court to the District Court in the Central District.

On May 16, 2012, Plaintiffs filed this instant action seeking specific relief for Mary Kate related to swimming and track and field for her upcoming senior year as well as comprehensive relief for all student-athletes with disabilities, for all sports, and for all future years. (*Id.* pp. 14–15 (count I), pp. 16–17 (count II), and pp. 18–19 (count III).)[3] This action was filed in the

---

[2] IHSA's memorandum argues that "The IHSA Action was filed in response to an intransigent demand by the Office of the Attorney General ('OAG') that the IHSA create such separate events and the OAG's refusal to discuss the rights and obligations of the parties under potentially applicable law." (Def.'s Mem., Document #12, at p. 2.) However, IHSA filed its lawsuit on the very day that IHSA told OAG that the IHSA Board would meet to consider the OAG's proposal for exhibition heats. The OAG believed that the parties were engaged in good faith discussions to resolve the issues. (Compl., Document #1, ¶¶64–69.)

[3] Although IHSA's complaint references the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., the ADA and Section 504 and their associated regulations are more comprehensive than the Illinois Human Rights Act, such that

5

Northern District because Mary Kate resides and attends school in the Northern District. (*Id.*¶ 17.)

On July 3, 2012, the Central District granted the OAG's motion for change of venue and ordered IHSA's Declaratory Action transferred to the Northern District to be consolidated with this case. (See Docket Report, attached as Exhibit A.)

## ARGUMENT

This Court should deny IHSA's Motion to Dismiss Plaintiffs' Complaint in its entirety. First, IHSA's argument that this case is duplicative is moot now that the Central District case has been transferred and consolidated with this case. Second, Plaintiffs have pled facts sufficient to state a cause of action for all three counts of the Complaint. Indeed, instead of arguing that Plaintiffs have failed to adequately plead the claims, IHSA improperly relies on material outside the pleadings to argue the merits of whether the disability laws apply to it. IHSA's Motion to Dismiss fails as a matter of law and should be dismissed.

**I.      IHSA's Rule 12(b)(3) Motion to Dismiss Should be Denied as Moot because the Central District Case is now Transferred and Consolidated with this Case.**

IHSA's Motion to Dismiss based upon Rule 12(b)(3) is now moot. On July 3, 2012, the Central District of Illinois ordered IHSA's declaratory judgment action pending in the Central District to be transferred to the Northern District and consolidated with this case. (See Docket Report, attached as Exhibit A.) The Central District Court based its ruling upon the legal precedent of this Circuit that when there are parallel actions pending in different courts, the case seeking injunctive relief should proceed instead of the case seeking declaratory relief. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). IHSA's Motion to Dismiss pursuant to Rule 12(b)(3) is based solely on IHSA's argument that

---

relief obtained under the ADA or Section 504 would include relief available under the Illinois Human Rights Act for this case.

there is a duplicative case pending in the Central District. Because there is no longer a case pending in the Central District, IHSA's Motion to Dismiss should be denied.

## II. Defendant's Motion to Dismiss Should be Denied because Plaintiffs' Complaint States Claims for which Relief can be Granted.

### A. Legal Standard

Under Rule 12(b)(6), the court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). There is no need for detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must state a claim that is "plausible on its face." *Id.* at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (internal citations omitted). Rule 12(b)(6) should only be employed when the "complaint does not present a legal claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

### B. Defendant's Motion to Dismiss Concedes the Sufficiency of Plaintiffs' Allegations.

IHSA never contests that Plaintiffs' have adequately pled causes of action. For this reason alone, the Motion to Dismiss should be denied. Despite devoting sections of its Memorandum to each count, IHSA does not allege that any elements of the claims were not sufficiently pled. (Def.'s Mem., Document #12, pp. 10–14.) The only place in the Memorandum where IHSA states that the Complaint fails to state a claim is in the conclusion, but IHSA makes only a conclusory statement and does not identify what elements were not adequately pled. (*Id.* p. 15.) Moreover, in the very next statement, IHSA argues, "[d]espite the OAG's unsupported factual allegations to the contrary, the present matter seeks relief under federal laws that do not apply to the IHSA." (*Id.*) This concession by IHSA—that Plaintiffs' Complaint contains factual

7

allegations that IHSA seeks to contradict—defeats its own Motion to Dismiss. That the factual allegations are "unsupported" is not relevant to a Rule 12(b)(6) motion. At the pleading stage, Plaintiffs need not include support for every factual allegation and this Court must take all factual allegations as true. Because IHSA has failed to identify any deficiencies in the allegations of the Complaint, the Motion to Dismiss should be denied.

Rather than challenge the adequacy of the pleadings, IHSA argues the merits of the claims. Such arguments amount to a premature motion for summary judgment, which should be denied. Also, IHSA improperly attaches to its Rule 12(b)(6) motion an affidavit alleging evidence outside the pleadings. Such outside evidence is improper under Rule 12(b)(6) and should be stricken. *Cardenas v. Abbott Labs*, No. 11 C 4860, 2011 WL 4808166, at *3 (N.D. Ill**.** Oct. 7, 2011) (Attached as Exhibit B.)

Alternatively, pursuant to Rule 12(d), this Court could permit the outside matter and treat IHSA's Motion as a motion for summary judgment. If the Court chooses to proceed under Rule 12(d), it should require IHSA to comply with Rule 56 and applicable local rules and allow the parties to conduct complete discovery and fully brief the issues raised by this motion. In a Rule 12(b)(6) motion, "the court will not consider matters beyond the pleadings unless it wishes to convert the motion into one for summary judgment and provide the parties 'a reasonable opportunity to represent all the material that is pertinent to the motion.'" *Cardenas*, 2011 WL 4808166, at *3 (internal citations omitted). Plaintiffs would respectfully request time to conduct complete discovery and respond to any such motion. Because IHSA has filed a Rule 12(b)(6) Motion to Dismiss, however, Plaintiffs address the sufficiency of the pleadings and reserve argument on the merits of whether IHSA is a covered entity for an appropriate motion or trial.

### C. Plaintiffs Adequately Pled the Elements of a Prima Facie Case for Each Count of the Complaint.

Even if IHSA's Motion and Memorandum had properly addressed the adequacy of the Plaintiffs' pleading rather than attacking the merits of the Complaint, IHSA's Motion should be denied because Plaintiffs have adequately pled facts which state a claim for relief on each count.

#### 1. Legal Standard

Generally, the elements of a claim under the Rehabilitation Act or ADA "are nearly identical." *Washington v. Ind. High Sch. Athletic Ass'n*, 181 F.3d 840, 845-46 n.6 (7th Cir. 1999). A plaintiff must show that: (1) she has a disability, (2) she is "otherwise qualified" to participate, (3) she was discriminated against by reason of disability, and (4) the defendant is a covered entity. *See Grzan v. Charter Hosp.*, 104 F.3d 116, 120 (7th Cir. 1997). A covered entity under the Rehabilitation Act includes a "program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a). "Program or activity" also means "all the operations of" an entity "established by two or more" entities that receive federal financial assistance, such as schools. 29 U.S.C. § 794(b); *see also*, *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 491 (D.N.J. 1998). A covered entity under Title II of the ADA is a public entity. 42 U.S.C. § 12131. A covered entity under Title III of the ADA is a public accommodation. *Id.* § 12181.

IHSA does not challenge the sufficiency of Plaintiffs' factual allegations, but instead challenges the merits of the allegations that IHSA is a covered entity under any of the three statutes that form the bases for Plaintiffs' claims. (Def.'s Mot. to Dismiss, Document #11, ¶¶ 4-7, Def.'s Mem., Document #12, at pp. 9-12.) Therefore, IHSA concedes the sufficiency of the pleadings that Mary Kate is a person with a disability who is otherwise qualified to participate in IHSA-sponsored events, and that IHSA discriminates against her on the basis of her disability.

Similarly, IHSA concedes the sufficiency of OAG's pleadings on behalf of the People of the State of Illinois.

As with the first three elements, IHSA does not deny that Plaintiffs adequately allege that IHSA is a covered entity. Instead, IHSA argues the merits of whether it is a covered entity under the Rehabilitation Act and ADA. Because IHSA does not dispute the merits of the other elements, this Memorandum focuses on the allegations that IHSA is a covered entity under the Rehabilitation Act and the ADA. As demonstrated below, Plaintiff adequately pled that Defendant is covered by one or more of the anti-discrimination statutes cited in Plaintiffs' Complaint. Defendant's Motion to Dismiss must therefore be denied.

### 2. Plaintiffs have Adequately Pled that IHSA is a Covered Entity under the Rehabilitation Act.

Plaintiffs allege that IHSA receives federal funding, thus making IHSA a covered entity under the Rehabilitation Act. (Compl., Document #1, ¶¶ 33, 73.) IHSA argues that it "does not receive federal funding, directly or indirectly, and therefore Section 504 of the Rehabilitation Act does not apply." (Def.'s Mem., Document #12, at p. 10.) But the IHSA improperly relies on an affidavit to dispute Plaintiffs' allegation that Defendant receives federal financial assistance both directly and indirectly. (Compl., Document #1, ¶¶ 33, 73.) The allegations of the Complaint must be taken as true for the purposes of a motion to dismiss. *Bell Atl. Corp.*, 550 U.S. at 555. Moreover, Plaintiffs' allegation of direct funding, that "IHSA is a recipient of federal financial assistance under the Rehabilitation Act," (Compl., Document #1, ¶ 33), is almost identical to an allegation that was found to state a claim under the Rehabilitation Act in *Weyrick v. New Albany-Floyd County Consolidated School Corp.*, No. 4:03-cv-0095, 2004 WL 3059793, at *9 (N.D. Ind. Dec. 20, 2005) ("Defendant local school district receives federal financial assistance.").

Plaintiffs also allege that IHSA receives federal funding "indirectly through its participating schools." (Compl., Document #1, ¶ 73.) Defendant incorrectly states that the "Seventh Circuit has held that for an institution to be subject to coverage under … Section 504 of the Rehabilitation Act, that institution must be a direct recipient of federal grant money." (Def.'s Mem., Document #12, at p. 10.) However, the case that IHSA relies upon, *Johnny's Icehouse, Inc. v. Amateur Hockey Ass'n of Ill., Inc.*, 134 F. Supp. 2d 965, 968-971 (N.D. Ill. 2001), is a district court case, not a Seventh Circuit decision, and the issue of controlling authority appears to still be an open question in this Circuit. The determination of whether IHSA is a covered entity is premature for a motion to dismiss. Discovery will provide additional information regarding Defendant's direct or indirect federal funding.[4] Therefore, an in-depth analysis of the impact of indirect funding is not necessary to defeat IHSA's Motion to Dismiss, as Plaintiffs' allegations of direct and indirect funding are properly pled. Therefore, IHSA's Motion to Dismiss Count I should be denied.

### 3. Plaintiffs have Adequately Pled that IHSA is a Covered Entity under Title II of the ADA.

Plaintiffs allege that IHSA is a public entity and thus a covered entity under Title II of the ADA. (Compl., Document #1, ¶¶ 35, 79.) Plaintiffs further allege that approximately 98% of Illinois private and public high schools are members of IHSA; all public high schools are supported by public taxation and recognized by the Illinois State Board of Education; and that IHSA organizes, provides rules, enforces qualification standards, oversees, and operates meets for interscholastic high school sports programs in Illinois. (*Id.* ¶¶ 7, 27, 32, 35, 36, 37.) The ADA defines "public entity" to include "any department, agency, special purpose district, or other

---

[4] IHSA submits an affidavit, which, although it should not be considered for purposes of resolving this motion, actually contradicts IHSA's legal argument. (See, Def.'s Ex. H, Document #12-8, at ¶ 3 (admitting receipt of funding from member schools through fines imposed by IHSA.))

11

instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Plaintiffs' allegations are sufficient to bring IHSA within this definition and defeat IHSA's assertion that it is not a public entity under Title II of the ADA.

Defendant improperly relies upon material outside of the pleadings in support of its assertion that it is exempt from Title II because it is "an unincorporated and voluntary association" and "not part of any state or local government." (Def.'s Mem., Document #12, at p. 12.) That Defendant is not an official part of the state government is inapposite, especially here, where a vast majority of its members are public high schools. Although the IHSA is a voluntary association, the overwhelmingly public character of IHSA's membership and the amount of control exercised by IHSA over public high schools demonstrate that IHSA is an agent or instrumentality of state government. 42 U.S.C. § 12131(1). Therefore, the allegations that IHSA is a "public entity" as defined by the ADA are sufficient to defeat IHSA's Motion to Dismiss.

In its premature attack on the merits, Defendant relies on a state court case to support its argument that it is not a covered entity under Title II. *Hood v. Ill. High Sch. Ass'n*, 835 N.E.2d 938 (Ill. App. Ct. 2005). *Hood*, however, was an action under the state tort immunity act, not the state civil rights law. *Id.* at 939. IHSA ignores a Seventh Circuit case which, under Title II of the ADA, held that a preliminary injunction should issue against the Indiana High School Athletic Association. *Washington v. Indiana High Sch. Athletic Ass'n*, 181 F.3d 840, 846-48 (7th Cir. 1999).[5] The Seventh Circuit has also ruled that IHSA is a state actor under § 1983 and the Fourteenth Amendment. *See Griffin High Sch. v. Ill. High Sch. Assoc.*, 822 F.2d 671, 674 (7th

---

[5] A number of district courts that have addressed the issue have found that state high school athletic associations are covered under Title II of the ADA. *See, e.g.*, *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 913 F. Supp. 663, 667 (D. Conn. 1996), *rev'd on other grounds*, 94 F.3d 96 (2d Cir. 1996); *Johnson v. Fla. High Sch. Athletic Ass'n*, 899 F. Supp. 579, 583-84 (M.D. Fla. 1995), *vac'd on other grounds*, 102 F.3d 1172 (11th Cir. 1997); *Rhodes v. OHSAA*, 939 F. Supp. 584, 590-91 (N.D. Ohio. 1996); *Sandison v. Mich. High Sch. Athletic Ass'n*, 863 F. Supp. 483, 486 (E.D. Mich. 1994), *rev'd in part on other grounds*, 64 F.3d 1026 (6th Cir. 1995).

Cir. 1987); *Menora v. Ill. High Sch. Assoc.*, 683 F.2d 1030, 1032 (7th Cir. 1982). Even if it were proper to consider IHSA's argument on the merits here, it fails and the Court should deny IHSA's Motion to Dismiss.

### 4. Plaintiffs have Adequately Pled that IHSA is a Covered Entity under Title III of the ADA.

The Complaint alleges that IHSA is a "public accommodation" and thus a covered entity under Title III of the ADA. (Compl., Document #1, ¶ 86.) Plaintiffs allege that IHSA "operates places of public accommodation under Title III" of the ADA as "IHSA supervises and regulates all of the interscholastic activities in which its member schools engage, including, without limitation, promulgating rules and regulations, establishing and enforcing student eligibility standards, and operating competitive meets at the sectional and state level." (*Id.* ¶¶ 32, 35.) Plaintiffs also allege that "[a]ll IHSA-run state championship competitions are held at high school, college, or minor league stadiums or other venues that are open to the public. Tickets are sold for these events and are available to the general public." (*Id.* ¶ 38.) That IHSA disputes the legal conclusion drawn from these factual allegations is not relevant for a Rule 12(b)(6) motion. These allegations, which must be accepted as true, are sufficient to establish that Plaintiffs have adequately pled that IHSA is covered by Title III of the ADA, and require that IHSA's Motion to Dismiss Count III be denied.

Further, the term "private entity" in Title III of the ADA "is defined to capture everything which is not a 'public entity'" under Title II. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 474 (D.N.J. 1998). Congress intended to exempt an extremely small universe of entities from the ADA, namely "private clubs or establishments" and "religious organizations or

13

entities." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689 n. 51 (2001) (citing 42 U.S.C. § 12187).[6] IHSA does not argue that it is exempt from coverage under Title III because it is a private club or religious organization. Therefore, if IHSA is not covered under Title II of the ADA, it must be covered under Title III and IHSA's Motion to Dismiss Count III should be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs the People of the State of Illinois, *ex rel.* Lisa Madigan, Attorney General, and Mary Kate Callahan, by her Parent and Next Friend, Joanne Callahan, respectfully request that this Court deny Defendant's Motion to Dismiss.

---

[6] *Martin* addresses the merits of a Title III claim, and, like the PGA Tour, IHSA, a non-profit entity, hosts sporting events at various facilities it does not itself own but rather "operates." *Martin*, 532 U.S. at 676-77; *see also*, *Ganden v. Nat'l Collegiate Athletic Ass'n,* No. 96 C 6953, 1996 WL 680000, at *10-11 (N.D. Ill. Nov. 21, 1996) (holding that for purposes of a preliminary injunction motion, the NCAA constitutes a place of public accommodation within the meaning of Title III).

        Respectfully submitted,

        The People of the State of Illinois,
        *Ex rel.* LISA MADIGAN
        Attorney General of the State of Illinois

        By   /s/Polly Hayes
        Polly Hayes
        Bureau Chief

Polly Hayes
Carl Bergetz
Sarah Smith
Judith Levitan
Office of the Illinois Attorney General
100 W. Randolph St., Floor 11
Chicago, IL 60601
(312) 814-8109
phayes@atg.state.il.us

        Mary Kate Callahan,

        By  /s/ Alan M. Goldstein
        Alan M. Goldstein
        Attorney for Plaintiff, Mary Kate Callahan

Alan M. Goldstein
Amy F. Peterson
Lauren M. Lowe
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
312-341-0022
Alan@equipforequality.org

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 5, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alan M. Goldstein
Amy F. Peterson
Lauren M. Lowe
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
Alan@equipforequality.org


Matthew S. Hefflefinger
Patrick Poston
Heyl, Royster, Voelker & Allen
124 SW Adams Street, Suite 600
Peoria, IL 6120
mhefflefinger@heylroyster.com


                                                  /s/Polly Hayes
                                                  Polly Hayes
                                                  Bureau Chief