**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

*SEP. 19 2012*

*THOMAS G. BRUTON*
*CLERK, U.S. DISTRICT COURT*

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* LISA MADIGAN, Attorney General, <br><br> and <br><br> MARY KATE CALLAHAN, By her Parent and Next Friend, JOANNE CALLAHAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ILLINOIS HIGH SCHOOL ASSOCIATION, an unincorporated association, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Number: 12-cv-3758 |
| ILLINOIS HIGH SCHOOL ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> LISA MADIGAN, Illinois Attorney General, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 12 CV 05502 (formerly 12-1155 (Consolidated with 12 CV 3758 – NDIL)) |

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, by HEYL, ROYSTER, VOELKER & ALLEN, its attorneys, and for its Second Amended Complaint for Declaratory Judgment against Defendant, LISA MADIGAN, Illinois Attorney General, states as follows:

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.



2.     The Plaintiff, the Illinois High School Association (hereafter "IHSA"), is an unincorporated voluntary association of public and private Illinois high schools with its headquarters located at 2715 McGraw Drive, Bloomington, McLean County, Illinois.

3.     On March 2, 2012, the IHSA received a letter from Nicki Bazer, Chief, Disability Rights Bureau, of the Illinois Attorney General.  This letter is attached hereto as Exhibit A.  In the letter, the Illinois Attorney General, which, upon information and belief, represents the State of Illinois or its people in investigating and/or prosecuting alleged violations of the law, claims that the IHSA does not provide State Championship events for "disabled students" in swimming or track and field and that the same violates both state and federal law.

4.     On March 19, 2012, a meeting was held between representatives of the Illinois Attorney General and the IHSA to discuss the Illinois Attorney General's request that the IHSA create a separate State Championship event for "disabled students" at the spring 2012 IHSA track and field State Championship meet and the fall 2012 swimming State Championship event (hereafter the "Meeting").  At the Meeting, representatives of the Illinois Attorney General's office again reiterated its belief, without citing to any specific law, that the IHSA's failure to provide such separate events is in violation of state and federal law.

5.     The 2012 IHSA Girls State Championship meet in track and field is scheduled for May 17 – May 19, 2012, at Eastern Illinois University in Charleston, Illinois.  The 2012 IHSA Girls State Championship event in swimming is scheduled for November 16 – November 17, 2012, at New Trier High School in Winnetka, Illinois.  These are annual, reoccurring events that are similarly scheduled each year.

6.     During the Meeting, the representatives for the Illinois Attorney General repeatedly threatened legal action against the IHSA should the IHSA fail to comply with the

2

demand for a separate event for "disabled students" at the May 17 -19, 2012, IHSA State Championship track and field events and the November 16 – 17, 2012, IHSA State Championship swimming events.

7.      Despite repeated indications by the Illinois Attorney General's representatives that the IHSA's lack of separate State Championship events for "disabled students" is in violation of state and federal law, at no time has the Illinois Attorney General's office set forth with particularity any specific violation of any specific law on the part of the IHSA.

8.      An actual controversy exists between the IHSA and the Illinois Attorney General regarding the rights and obligations of the parties under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., and any other potentially applicable state or federal law the Court deems relevant whereby a declaration of this Court is necessary to terminate said controversy.

9.      Despite the Illinois Attorney General's repeated accusation that the IHSA is in violation of state and federal law, the IHSA does not believe that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., nor any other potentially applicable state or federal law requires the IHSA to create separate State Championship events for student athletes with disabilities.

10.     To the extent these aforementioned statutes apply, the IHSA has interpreted the same to promote inclusion of student athletes with disabilities into IHSA state series events.

11.     Accordingly, the IHSA has, at all times relevant hereto, endeavored to provide reasonable accommodations upon request to facilitate the inclusion of athletes with disabilities

3

into IHSA state series events. Examples of such accommodations include, but are by no means limited to, the following:

a) Permitting a student athlete with a prosthetic limb to compete in basketball;

b) Permitting a student athlete to compete in bowling with the accommodation of a wheelchair and ramp;

c) Permitting a visually impaired student athlete to compete in cross country with the accommodation of a guide runner;

d) Permitting a paralyzed student athlete to compete in swimming with the accommodation of in-water starts;

e) Permitting a student athlete with mobility impairments to compete in golf with the accommodation of a golf cart;

f) Permitting a visually impaired student athlete to compete in golf with the accommodation of a spotter to assist in locating golf balls and determining yardages;

g) Permitting a visually impaired student athlete to compete in golf with the accommodation of a monocular;

h) Permitting a student athlete with a prosthetic limb to compete in gymnastics; and

i) Permitting a student athlete with a hearing aid to compete in volleyball.

12. Consistent with its practice of promoting the opportunities of athletes with disabilities, the IHSA formed an Ad Hoc Committee on February 13, 2012. The purpose of the Ad Hoc Committee is designed to continue exploring the opportunities for athletes with disabilities in IHSA state series events, drawing upon the expertise of both individuals from within the Committee and beyond who have experience in developing and promoting opportunities for athletes with disabilities.

13. Despite attempts by the IHSA to discuss the parties' rights and obligations under applicable state and federal law, the Illinois Attorney General and her representatives have, at all

times relevant hereto, refused to engage in such discussion. Instead, the Illinois Attorney General and her representatives have demanded separate State Championship events for "disabled students" and have repeatedly threatened legal action in the instance the IHSA does not comply.

14. Given the parties' conflicting interpretations of state and federal law, the Illinois Attorney General's refusal to discuss the rights and obligations of the parties under applicable law, the Illinois Attorney General's demand for separate events at the impending 2012 State Championship meets in track and field, swimming, and other IHSA state series events, and the repeated threats of initiating legal action against the IHSA, the IHSA seeks guidance of this Court for an adjudication of the parties' rights and obligations under applicable state and federal law.

15. This matter represents an actual controversy as to the parties' respective rights and obligations under state and federal law whereby an adjudication by this Court of such rights and obligations is necessary to terminate said controversy.

WHEREFORE, Plaintiff, ILLINOIS HIGH SCHOOL ASSOCIATION, prays that the Court declare and adjudicate the rights of the parties as follows:

A.     Declare that the IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

B.     Declare that the IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in swimming for high school student athletes with disabilities.

C.     Declare that the IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

D.     Declare that the IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship

events in swimming for high school student athletes with disabilities.

E.     Declare that the IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

F.     Declare that the IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., to create separate 2012 State Championship events in swimming for high school student athletes with disabilities.

G.     Declare that the IHSA is not obligated under any of the aforementioned laws nor any Illinois or Federal law deemed relevant and applicable by this Court to create separate 2012 State Championship events in track and field and/or swimming for high school student athletes with disabilities.

H.     Declare that the IHSA is not obligated under Titles II or III of the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12182, the Illinois Human Rights Act, 775 ILCS 5/1-100, et seq., or any other state or federal law deemed relevant and applicable by this Court, to create separate State Championship events in any IHSA state series event for high school student athletes with disabilities.

I.     Award the IHSA its reasonable attorney's fees and costs, including its litigation expenses.

J.     For such other and further relief as this Court deems just and proper.


                              ILLINOIS HIGH SCHOOL ASSOCIATION

                        BY:_____s/ Matthew S. Hefflefinger_____
                              HEYL, ROYSTER, VOELKER & ALLEN
                                 Matthew S. Hefflefinger
                                    ARDC #6201281
                                     Patrick E. Poston
                                    ARDC #6306753


HEYL, ROYSTER, VOELKER & ALLEN
Suite 600
124 SW Adams Street
Peoria, IL 61602
Telephone: 309.676.0400
Facsimile: 309.676.3374
mhefflefinger@heylroyster.com
pposton@heylroyster.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2012, I electronically filed the foregoing

Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

Ms. Polly A. Hayes
Mr. Carl T. Bergetz
Ms. Judith N. Levitan
Ms. Sarah A. Smith
Office of the Illinois Attorney General
100 W. Randolph St., Floor 11
Chicago, IL 60601
phayes@atg.state.il.us
cbergetz@atg.state.il.us
jlevitan@atg.state.il.us
ssmith@atg.state.il.us

Mr. Alan M. Goldstein
Ms. Amy F. Peterson
Ms. Lauren M. Lowe
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
Alan@equipforequality.org
amy@equipforequality.org
lauren@equipforequality.org

Ms. Deborah L. Barnes
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217) 782-5819
dbarnes@atg.state.il.us

s/ Matthew S. Hefflefinger
Matthew S. Hefflefinger
ARDC #6201281
Patrick E. Poston
ARDC #6306753

7

**E-FILED**

Monday, 16 July, 2012 08:55:42 AM

Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ILLINOIS HIGH SCHOOL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-1155 |
| LISA MADIGAN, Illinois Attorney General, | ) ) ) ) | |
| Defendant. | ) ) | |

## O R D E R

This matter is now before the Court on Defendant Lisa Madigan's ("Madigan") Motion to Change Venue [#2] and Plaintiff Illinois High School Association's ("IHSA") Motion to Enjoin Defendant from Pursuing a Duplicative Action against IHSA in Northern District of Illinois ("NDIL") [#5]. For reasons stated herein, Madigan's Motion to Change Venue is GRANTED and the IHSA's Motion to Enjoin is DENIED.

## OVERVIEW

The Parties take differing views on the appropriate venue for their dispute. Although conceding that "the subject matter pending in this court is the same as the subject matter pending in the Northern District [case]," Madigan contends that the Northern District case is more comprehensive because it seeks resolution of issues regarding athletes with disabilities in all sports as opposed to simply the State Championships in track and field. See Defendant's Motion to Change Venue [#2], ¶ 8. Madigan also argues that the inclusion of Mary Kate Callahan ("Ms. Callahan") as a

1



Case: 1:12-cv-03758 Document #: 60 Filed: 09/19/12 Page 9 of 18 PageID #:347
Case: 1:12-cv-03758 Document #: 30-2 Filed: 08/07/12 Page 2 of 11 PageID #:278
1:12-cv-01155-MMM-JAG  # 15   Page 2 of 11

Plaintiff in the Northern District case favors venue in that location.  Id., ¶ 10.  IHSA counters that this action was filed first and Madigan has simply chosen to file a wasteful and duplicative suit in the Northern District.  See Plaintiff's Opposition to Defendant's Motion to Change Venue [#4], ¶ 13.  IHSA also argues that Ms. Callahan is not a necessary party to this litigation.  Id., ¶ 14.

### Procedural Background

On February 27, 2012, the Office of the Attorney General sent a letter to Marty Hickman, Executive Director of the IHSA, providing that the exclusion of athletes with disabilities from competing in swimming or in track and field at IHSA-sponsored and sanctioned events and competitions "violate(d) state and federal law and, more importantly, denie[d] these students the right to reach the pinnacle of their high school athletic careers, to compete against the best of the best and to be full members of their team." See Complaint for Declaratory Judgment [#1-2], Exhibit A. The letter concluded by stating that the Attorney General would like to sit down with the IHSA to discuss allowing these athletes to participate in the 2012 Track and Field, and Swimming State Championships. Id.

On April 17, 2012, the IHSA filed its Complaint for Declaratory Judgment in the Eleventh Judicial Circuit of Illinois, McLean County. The Complaint sought a declaration from the Court that:

i.      The IHSA is not obligated under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities;

   ii.     The IHSA is not obligated under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, to create separate 2012 State Championship events in track and field for high school student athletes with disabilities;

   iii.    The IHSA is not obligated under the Illinois Human Rights Act, 775 ILCS 5/1-100 et seq., to create separate 2012 State Championship events in track and field for high school student athletes with disabilities; and

   iv.    The IHSA is not obligated under any existing Illinois or Federal laws to create separate 2012 State Championship events in track and field for high school student athletes with disabilities.

See Complaint for Declaratory Judgment [#1-2].

On May 16, 2012, Madigan and Callahan filed their Complaint for injunctive relief against the IHSA to cease unlawful discrimination against athletes with disabilities and to adopt policies and procedures to ensure that student athletes with disabilities have full and equal opportunities to compete under IHSA rules in all IHSA-sponsored and sanctioned events and competitions.  See Memorandum in Opposition of Motion to Enjoin Defendant from Pursuing a Duplicative Action against IHSA in NDIL [#10], Exhibit A (corrected via Motion to Supplement [#11]).

On May 17, 2012, Madigan filed her Notice of Removal from the Eleventh Judicial Circuit Court to this Court pursuant to 28 U.S.C. § 1441(a).

On May 18, 2012, Madigan filed her Motion to Change Venue pursuant to 29 U.S.C. § 1404 (a). In the Motion, Madigan argued that:

   i.     There is a pending case in the Northern District;

    ii.    The subject matter in the Northern District is more comprehensive because it seeks resolution of issues regarding athletes with disabilities in all sports as opposed to only track and field;

    iii.    The subject matter of the instant litigation occurred within the confines of the Northern District of Illinois;

    iv.    The action in the Northern District includes a plaintiff who resides in the Northern District of Illinois and was discriminated against in the Northern District of Illinois; and

    v.    Judicial economy would be served by transferring this matter to the Northern District of Illinois.

See Motion to Change Venue [#2].

On June 6, 2012, the IHSA filed its Motion for Leave to File First Amended Complaint pursuant to FRCP 15(a). On the same day, the IHSA filed its Opposition to Defendant's Motion to Change Venue, which included the following arguments:

    i.    The later-filed suit by Madigan is duplicative of the first filed IHSA action;

    ii.    The first-filed suit by IHSA has priority over the later-filed suit by Madigan;

    iii.    Mary Callahan, the single plaintiff in the later-filed Northern District action, is not a necessary party to Madigan's lawsuit and therefore her presence is irrelevant to Madigan's Motion to Change Venue;

    iv.    As the Plaintiff, IHSA's choice of forum is entitled to considerable deference and should not be disturbed; and

    v.    The resolution of the first-filed IHSA Action will have no less consequence than Madigan's later-filed action in the Northern District of Illinois.

See Plaintiff's Opposition to Defendant's Motion to Change Venue [#4].

On June 6, 2012, the IHSA also filed its Motion to Enjoin Defendant from Pursuing a Duplicative Action in the Northern District. The motion argued that:

    i.      Because no unusual circumstances warrant otherwise, Madigan should be enjoined from further prosecution of their suit in the Northern District; and

    ii.     An injunction barring Madigan from pursuing its later-filed, duplicative action is warranted because there is no compelling reason of convenience for the parties' dispute to be litigated in the Northern District as opposed to the Central District.

See Motion to Enjoin Defendant from Pursuing a Duplicative Action against IHSA in NDIL [#5].

On June 22, 2012, Madigan filed her Motion to Dismiss for Failure to State a Claim. Madigan argued that:

    i.      IHSA's complaint for Declaratory Judgment is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted; and

    ii.     IHSA's complaint for declaratory judgment should be dismissed as improper, anticipatory filing because it is a preemptive lawsuit in the forum of its choosing.

See Motion to Dismiss for Failure to State a Claim [#7].

On June 27, 2012, after hearing the Parties' arguments, this Court granted IHSA's Motion for Leave to File First Amended Complaint for Declaratory Judgment [#3]. See Minute Entry dated June 27, 2012.

### Discussion

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

In situations where a party moves to transfer a civil case to another district, the moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Financial, Inc. v. Midwhey Power Co., Inc., 833 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986); see also, General Foods Corp. v. Carnation Co., 411 F.2d 528 (7th Cir. 1969). Indeed, so long as the Court considers the relevant factors involving the relevant public and private interests arising out of the lawsuit, "its decision deserves substantial deference." See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed2d 419, 511-12, 67 S.Ct. 830, 91 L.Ed 1055 (1947).

1.  First to File

While the Court must consider the "first to file," the race to the courthouse is not necessarily dispositive. See Chicago Linen Exchange v. Adler, 888 F.Supp. 92 (C.D. Ill. 1995) citing Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 749-50 (7th Cir.) (citing Tamari v. Bache & Co., 565 F.2d 1194, 1199 (7th Cir. 1977), cert. denied, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed2d 495 (1978)). In fact, in a situation where there are parallel cases "involv[ing] a declaratory judgment action and a mirror-image action seeking coercive relief – [the Seventh Circuit] ordinarily give[s] priority to

the coercive action, regardless of which case was filed first." Research Automation, Inc. v. Scharader-Bridgeport International, 626 F.3d 973 (7th Cir. 2010). "Declaratory judgment actions brought in the face of clear threats of suit and seeking determinations that no liability exists [are to] be closely scrutinized as potentially improper anticipatory filings if the other party proceeds to file." Barrington Group, Ltd. V. Genesys Softwar Systems, Inc., 239 F.Supp.2d 870, 873-874 (E.D. Wis. 2003) (citing Tempco Elec. Heater Corp., 819 F.2d at 749-750).

The IHSA filed its declaratory action first; however, its Complaint was specific to the 2012 State Championship events in track and field.  The track and field event concluded on May 19, 2012, and from that date until June 6, 2012, when the Motion to Amend was filed, the IHSA concedes that this matter was moot.  The IHSA further acknowledges that its original Complaint and the First Amended Complaint could have been broader in scope.  But more importantly, the IHSA arguably filed its declaratory action in light of potential action by Madigan.  In the end, the declaratory action appears to be an anticipatory filing responding to Madigan's threat of litigation.  Tempco Elec. Heater Corp., 819 F.2d at 750 ("The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.") citing American Automobile Insurance, 103 F.2d 613, 617 (7th Cir. 1939).

Even after the amended complaint was allowed, the IHSA's action focuses on the 2012 State Championship events in swimming and track and field, although it seeks relief generally for all state series events.  However, the Court finds that the "true" plaintiff is Madigan who seeks injunctive relief against the IHSA to cease allegedly

Case: 1:12-cv-03758 Document #: 60 Filed: 09/19/12 Page 15 of 18 PageID #:353
Case: 1:12-cv-03758 Document #: 30-2 Filed: 08/07/12 Page 8 of 11 PageID #:284
   1:12-cv-01155-MMM-JAG  # 15   Page 8 of 11

unlawful discrimination against athletes with disabilities. Madigan also seeks to require the IHSA to adopt policies and procedures to ensure that student athletes with disabilities have full and equal opportunities to compete under IHSA rules and in all IHSA-sponsored events and competitions. The IHSA seeks declaratory relief and as such, the Northern District injunctive relief case arguably allows the judge broader ability to address an implementation of any modification to the State Championship events potentially resulting from this case. After carefully considering the requisite factors below, the Court concludes that this case must yield to the Northern District action.

## 2. Choice of Forum

Above, the Court has already found the parallel case pending in the Northern District potentially broader in scope. Given that Madigan's case in the Northern District is an injunctive action that otherwise mirrors the instant declaratory action filed by the IHSA, the Court finds that the IHSA's choice of forum is not a significant factor in judging the merits of Madigan's Motion to Transfer Venue. Similarly, although the instant declaratory action was filed prior to Madigan's injunctive action in the Northern District, the priority of filing will not be a significant factor in determining merits of Madigan's Motion. Conversely, due to the coercive nature of Madigan's injunctive suit in the Northern District, Madigan's choice of venue is a substantial factor in determining the best venue for the dispute of the parties to continue.

Ordinarily where the claim arose is a significant factor in determining what forum is proper; however, in the instant circumstances the claim arises out of events that occur in both the Central and Northern Districts of Illinois. While the IHSA correctly identifies that more IHSA-sanctioned activities and competitions are held in the Central

8

District of Illinois, a significant portion of the participants in these competitions hail from the Northern District. Also while Ms. Callahan is a resident of the Northern District, the Court does not find her to be a necessary plaintiff, and therefore her alleged injury is considered no differently than that of disabled student-athletes in the Central District of Illinois.

3. <u>Convenience of the parties, witnesses, and access to evidence.</u>

The IHSA is located in Bloomington, Illinois, but like Madigan, it has a presence throughout the State of Illinois.  Indeed, the IHSA is non-profit organization consisting of over 780 public and private high schools located throughout the State.  While the Court recognizes that the much of the documentary evidence may reside in Bloomington, it is clear, at least to this Court, that witness participation is equally important.  With that being said, the Court also recognizes that Ms. Callahan is an additional litigant in the Northern District action who is not present in this litigation.   Ms. Callahan has demonstrated great maturity in participating in the litigation process and the Court commends her for commitment in seeking opportunities for disabled athletes to participate in the State Championship series.  However, the Court does not find her participation necessary to the outcome of the underlying case.  While Ms. Callahan will certainly be affected by the outcome of this litigation, she is one of many disabled student athletes located in the State of Illinois.  Ms. Callahan did not file a separate lawsuit, but rather, it appears to this Court that Madigan either sought out or permitted her to join in this litigation.  In the end, the Court finds that the factors of convenience of the parties, witness and access to evidence do not weigh heavy in favor of either venue.

Case: 1:12-cv-03758 Document #: 60 Filed: 09/19/12 Page 17 of 18 PageID #:355
Case: 1:12-cv-03758 Document #: 30-2 Filed: 08/07/12 Page 10 of 11 PageID #:286
1:12-cv-01155-MMM-JAG  # 15    Page 10 of 11

4.  Judicial Location

The parties seek to litigate this matter in either the Central or Northern Districts. Both Courts are located in Illinois and are clearly familiar with the applicable law. There was no evidence presented that either forum would provide greater opportunity to hear this matter in an expedited manner.

5.  Local Interest

As noted above, the Court finds that the issues arising from this lawsuit have an impact on many disabled student athletes located throughout the State. The issues also have an impact on all student athletes and the communities that host State Championship events. Undoubtedly, the impact of this lawsuit will affect the entire State of Illinois. The Court ultimately concludes that the factor of local interest demonstrates that venue would be proper in either location.

## CONCLUSION

The Court finds that the Northern District of Illinois is the more appropriate forum for the Parties' dispute. The Court finds that Madigan's lawsuit in the Northern District is potentially broader in scope and that consideration deserves significant weight. The Court finds that the remaining factors do not weigh significantly in favor of either party. As a result, Madigan's Motion to Change Venue is GRANTED and the IHSA's Motion to Enjoin is DENIED. Based on the rulings made on June 27, 2012, and contained herein, the Court finds Madigan's Motion to Dismiss for Failure to State a Claim [#7] MOOT. While the Court finds that the issues contained herein are encompassed in the Northern District case, in an abundance of caution, this case is TRANSFERRED to the Northern District of Illinois to be consolidated with The People of the State of Illinois, ex rel. Lisa

Case: 1:12-cv-03758 Document #: 60 Filed: 09/19/12 Page 18 of 18 PageID #:356
Case: 1:12-cv-03758 Document #: 30-2 Filed: 08/07/12 Page 11 of 11 PageID #:287
1:12-cv-01155-MMM-JAG   # 15   Page 11 of 11

Madigan, Attorney General, and Mary Kate Callahan, by her Parent and Next Friend,

JoAnne Callahan v. Illinois High School Association, Case No. 12-cv-3758.

ENTERED this 13th day of July 2012.

_____ /s/ Michael M. Mihm _____
Michael M. Mihm
United States District Court Judge