# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* LISA MADIGAN, Attorney General, ) ) ) ) ) | |
| Plaintiff, ) ) ) | No. 12-cv-3758 |
| v. ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| ILLINOIS HIGH SCHOOL ASSOCIATION, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The parties dispute an assertion of privilege by Plaintiff People of the State of Illinois *ex rel.* Lisa Madigan, Attorney General ("Plaintiff" or "the State") in response to a number of Defendant Illinois High School Association's ("Defendant" or "IHSA") document requests and interrogatories. IHSA has moved to compel responses to its written discovery that Plaintiff is refusing to answer under the attorney-client privilege, attorney work product doctrine, and the common interest doctrine. The requested discovery deals with the State's communications with its one-time co-Plaintiff in this case (who has settled her dispute with the IHSA) and her counsel. Specifically, in support of its Motion to Compel [Dkt.#138], IHSA argues that, contrary to Plaintiff's assertion, the common interest doctrine is wholly inapplicable in this case, and, furthermore, even if Plaintiff wants to invoke the common interest doctrine—or any other privilege—Plaintiff is required to produce a privilege log so that the Court and the IHSA can

evaluate Plaintiff's privilege claims with more information than Plaintiff has provided. For reasons set forth below, Defendant's Motion to Compel is granted in part and denied in part.

## I. BACKGROUND

**A. Procedural History**

On May 16, 2012, the State, along with co-Plaintiff Mary Kate Callahan ("Callahan"), filed a complaint alleging that IHSA unlawfully discriminates against high school athletes with disabilities in violation of Section 504 of the Rehabilitation Act Rehabilitation Act of 1973, 29 U.S.C. § 794, and Titles II and III of the American with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12132, 12182. The State seeks an injunction ordering IHSA to provide student athletes with disabilities full and equal opportunities to compete under IHSA rules and in all IHSA-sponsored and sanctioned events. *Id.* at 1-2. Although Callahan reached a settlement with IHSA and is no longer a party, the State continues to bring suit on behalf of other student athletes with disabilities who allege similar discrimination.

On August 2, 2012, IHSA served its first set of Requests for Production of Documents and its first set of Interrogatories on Plaintiff. Def.'s Mot. To Compel Disc. Resp. [Dkt.#138] at 2. Among other things, IHSA asked the State to produce "[a]ll documents, letters, emails, records, statements, recorded statements, or other correspondence between Mary Kate, Joanne, and/or Jack Callahan, or someone acting on their behalf." Def.'s First Request for Produc. of Docs. [Dkt.#139-4] at 2. IHSA also requested the identities of and communications with the other unidentified student athletes with disabilities referenced in the State's Complaint. *Id.* at 2-3.

In response to IHSA's written discovery requests, the State made a number of general objections, including: "Plaintiff objects to Defendant's Document Requests to the extent that they call for information protected from discovery by the attorney-client privilege, attorney work

product doctrine, common interest doctrine or any other applicable privilege or protection from discovery." Pl.'s Resp. and Objections to Def.'s First Request for Produc. of Docs. [Dkt.#139-5] at 2. The State also raised this objection in response to Request Nos. 1, 5, 6, 7, 8, 15, and 16 and Interrogatory Nos. 2, 4, 5, 6, 9, and 12. (*Id.* and Dkt.#139-8.)

Defendant now seeks an order overruling the State's objections and compelling production of all documents responsive to its written discovery requests. Although Plaintiff has asserted the attorney-client privilege, work product doctrine, and the common interest doctrine, Defendant's motion focuses exclusively on the applicability of the common interest doctrine, "though the IHSA believes none of the privileges asserted apply." Def.'s Mot. to Compel Disc. Resp. [Dkt.#138] at 7. Defendant argues that, contrary to Plaintiff's assertion, the common interest doctrine is wholly inapplicable to this case. Specifically, IHSA contends that the State has failed to show that (1) the documents and communications withheld were otherwise privileged before the common interest arose; (2) the documents or communications were made in a joint-defense effort; and (3) the interests of the parties were legal and identical. *Id.* at 7-8. IHSA also moves for the production of a privilege log. *Id.* at 9. Further, IHSA argues that it is entitled to know the identities of the student athletes on whose behalf the State has asserted standing—and, it moves this Court to overrule the State's objections as it pertains to communications with these students because "there is no attorney-client privilege…[when] a governmental agency brings an action on behalf of a private citizen." Def.'s Reply to Pl.'s Resp. [Dkt.#143] at 5.

## II. APPLICABLE LAW: COMMON INTEREST DOCTRINE

Although sometimes characterized as a stand-alone privilege, "the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). As applied by the Seventh Circuit, the common interest doctrine extends the attorney-client privilege to situations "where the parties undertake a joint effort with respect to a common legal interest" and is strictly limited to "communications made to further an ongoing enterprise." *Id.* at 816. In such limited situations, the common interest doctrine permits parties who share a common legal interest to exchange what would otherwise qualify as privileged material without waiving privilege. The communications need not be made in anticipation of litigation to fall within the scope of the doctrine. *Id.* at 816. Further, the "common interest doctrine cannot be waived without the consent of all of the parties." *Id.* at 817.

In terms of the "common legal interest," the doctrine is not restricted to situations where "the positions of the parties are compatible in all respects." *Pampered Chef v. Alexanian*, 737 F. Supp. 2d 958, 967 (N.D. Ill. 2010). However, the party asserting the privilege must "demonstrate actual cooperation toward a common legal goal with respect to the documents they seek to withhold." *Dexia Credit Local v. Rogan,* 231 F.R.D. 268, 273 (N.D.Ill.2004). "In some cases, this common goal includes pursuit of litigation against a common adversary." *Id.* (internal citations omitted) The common interest doctrine also can be applicable to communications between a party and a non-party, including communications between a government agency and aggrieved individuals on whose behalf the government brings suit. For example, courts have applied the common interest doctrine in cases involving the Fair Housing Act and Equal Employment Opportunity Commission, despite the fact that the aggrieved persons were not

represented by counsel nor were the individuals parties to the lawsuits in question. *See United States v. Gumbaytay*, 276 F.R.D. 671, 674-76 (M.D. Ala. 2011) (internal citations omitted) ("[The] common interest rule protects communications between a governmental agency and persons on whose behalf the governmental agency brings suit, where counsel for the government has filed suit to enforce the rights of aggrieved persons under the Fair Housing Act.").

In addition to demonstrating a common legal interest, a party must establish that the underlying communications were otherwise privileged before the common interest arose. *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 251 F.R.D. 316, 327 (N.D. Ill. 2008). If the documents or communications are not otherwise privileged, either by the attorney-client privilege or work product doctrine, the common interest doctrine is not applicable. Therefore, a party cannot simply rely on a blanket claim of privilege to shield communications from discovery—it must instead assert the common interest doctrine on a document-by-document basis. *Dexia*, 231 F.R.D. at 273. *See also United States v. White,* 970 F.2d 328, 334 (7th Cir.1992) ("Furthermore, the [attorney-client] privilege must be made and sustained on a document-by-document basis. A blanket claim of privilege that does not specify what information is protected will not suffice."). Specifically, "Federal Rule of Civil Procedure 26(b)(5) requires that: the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *In re Sulfuric Acid Antitrust Litig*., 235 F.R.D. 407, 432-33 *supplemented*, 432 F. Supp. 2d 794 (N.D. Ill. 2006).

## III. ANALYSIS

IHSA argues that the State has failed to establish that the common interest doctrine is applicable in this case. Specifically, IHSA contends that the State has failed to show that (1) the documents and communications withheld were otherwise privileged before the common interest arose; (2) the documents or communications were made as part of a joint-defense effort; and (3) the interests were legal and identical.

As a threshold matter, on the present record, the Court cannot address whether any particular document or communication being withheld by Plaintiff is protected under the common interest exception to the attorney-client privilege or the work-product doctrine. Instead, it only can address Defendant's overall argument that Plaintiff has no basis upon which to assert the common interest doctrine to shield communications between the State and its former co-Plaintiff Callahan and her attorneys or communications between the State and the other student athletes.

Based on the circumstances presented in this case, it is clear that the common interest doctrine may have some applicability. The State and Callahan were co-Plaintiffs in a lawsuit against the same adversary and the parties shared the common legal interest of obtaining compliance by IHSA with disability rights laws. The fact that Callahan was willing to accept via settlement something less than the full relief originally requested in the Complaint does not automatically preclude the State from invoking the common interest doctrine to shield from discovery otherwise privileged communications with her. Instead, among other things, given the State's active involvement in attempts to resolve this matter on Callahan's behalf, it may have been entirely reasonable for the State to have the expectation that communications between Callahan and her attorneys and attorneys from the Attorney General's office regarding this

matter would remain confidential. *See Argenyi v. Creighton University*, No. 8:09CV341 2011 WL 10993501 (D. Neb. Aug. 10, 2011) (recognizing the potential applicability of the common interest doctrine to shield communications between a Plaintiff alleging violations of the ADA and the Department of Justice because the government's "interest, involvement and participation in attempts to resolve this matter" made it "reasonable for Plaintiff to consider the United States a potential co—party to this suit and, also, to have the expectation that communications with the United States will remain confidential."). Therefore, with respect to documents and communications that would have been privileged if Callahan had only shared them with her attorney, the privilege was not necessarily waived when she shared them with the State's attorneys.

That being said, the fact that the common interest doctrine could have some applicability in this case does not mean that the State may rely on a blanket assertion of privilege to protect all communications between Callahan and her attorney and the attorneys from the Attorney General's Office from discovery. The common interest privilege only applies to those communications that would have been protected by the attorney-client privilege or the work product doctrine if Callahan had only shared them with her own attorney—the common interest doctrine does not make otherwise non-privileged information privileged merely because it was shared with an attorney. *Pactiv Corp. v. Multisorb Technologies, Inc.*, 10 C 461, 2012 WL 1831517 (N.D. Ill. May 18, 2012).

The State has failed to provide a privilege log. Therefore, it is impossible to determine the extent to which the common interest doctrine is applicable in this matter. Without a privilege log, neither Defendant nor the Court can determine whether the requested communications are

covered by either the attorney-client privilege or the work product doctrine, which is a prerequisite to assessing which documents, if any, are shielded by the common interest doctrine.

Therefore, based on the above, Defendant's motion to compel is granted in part. Plaintiff is ordered to produce a privilege log describing the communications and documents alleged to be shielded from disclosure by the common interest doctrine—or any other asserted privilege. The log need not include communications between attorneys for Callahan and attorneys from the State regarding litigation tactics, legal theories, and settlement strategies. After the State produces a privilege log and the parties have had an opportunity to meet and confer, the Court can consider what, if any, further proceedings are necessary and, in particular, whether any of the documents being withheld are properly claimed as privileged.

Further, with respect to Defendant's concerns regarding the unidentified student athletes on whose behalf the State asserts standing, the State must reveal the identities of the individuals even if the communications themselves potentially may be shielded from production. Absent a privilege log, this Court is unable to speak to the applicability of privilege to shield specific communications and documents from discovery—however, contrary to Defendant's assertion, the common interest doctrine may shield documents even when the government brings the action on behalf of a private citizen and even where there is no technical attorney-client relationship between the aggrieved person and the government. *See Gumbaytay*, 276 F.R.D. at 674-76.

### IV.  CONCLUSION

Because the State has failed to provide a privilege log, the Court grants in part Defendant IHSA's  motion to compel and orders the State to provide a privilege log as well as the identities of the students on whose behalf the State asserts standing and with whom the State has communicated about the matters involved in this lawsuit.  The Court will discuss with the parties

at the upcoming status hearing the timing for the production of the privilege log and any other issues related to such production.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 10, 2014

at the upcoming status hearing the timing for the production of the privilege log and any other issues related to such production.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 10, 2014